UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN M. FRANASIAK,

                                        Plaintiff,

        v.                                                        **DECISION AND ORDER**
                                                                  09-CV-835S

PALISADES COLLECTION, LLC,

                                        Defendant.

## I.  INTRODUCTION

In this action, Plaintiff John M. Franasiak asserts claims pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. 1692 *et seq.*, and the Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227 *et seq.*  Plaintiff's claims arise from Defendant's use of an

automated telephone dialing system to telephone Plaintiff's residence multiple times over

a period of seven months.  Plaintiff seeks to recover actual damages, statutory damages

pursuant to 15 U.S.C. § 1692k and 47 U.S.C. § 223(b)(3)(B), treble statutory damages

pursuant to 47 U.S.C. § 227b(3), and costs, disbursements, and reasonable attorney's fees

pursuant to 15. U.S.C. § 1692k.  Presently before this Court is Defendant's Motion for

Partial Judgment on the Pleadings.[1]

Defendant's motion raises the issue of whether the TCPA applies to calls by debt

collectors to nondebtors.  This Court first confronted that question in <u>Spencer v. Arizona</u>

<u>Premium Finance Co., Inc.</u>, No. 06-CV-160S, 2008 WL 5432245, at *2 n.2 (W.D.N.Y. Dec.

---

[1]In support of its motion, Defendant submits a Memorandum of Law; a Reply Memorandum; a
Reply to Plaintiff's Affirmation of Kimberly T. Irving; and multiple submissions of Additional Authority.
(Docket Nos. 15, 19, 23, 24, 29.)  In opposition, Plaintiff filed a Memorandum of Law in Opposition to
Defendant's Motion for Partial Judgment on the Pleadings; the Affirmation of Kimberly T. Irving; and a
Response to Defendant's Second Motion for Leave to Cite Additional Authority.  (Docket Nos. 18, 22, 31.)

30, 2008).  Although at that time, this Court did not have occasion to provide an answer, the present case puts the matter squarely before the Court.  For the reasons discussed below, Defendant's motion is granted.

## II.  BACKGROUND

### A.     Facts

In adjudicating Defendant's Motion for Partial Judgment on the Pleadings, this Court assumes the truth of the following factual allegations contained in the Complaint.  Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (quoting  Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)).  Plaintiff, John Franasiak, is a resident of Erie County, New York.  (Complaint ("Comp."), Docket No.1, ¶ 5.)  Defendant, Palisades Collection, LLC ("Palisades") is a Delaware corporation engaged in the debt collection business.  (Id. at ¶ 6.)

In January 2009 Palisades began calling Franasiak about a debt owed by Franasiak's daughter, Joy Segal.  (See id. at ¶¶ 22.)  Defendant called Franasiak despite the fact that Segal neither lived with her father, nor shared a phone number.  (Id. at ¶ 20.)  Furthermore, Plaintiff himself did not owe a debt.  (See id. at ¶¶ 17, 18, 21.)  Franasiak informed Defendant of these facts on multiple occasions.  (Id. at ¶ 25.)  Plaintiff went so far as to send Defendant a cease and desist letter, all to no avail.  (Id.)   Defendant continued contacting Franasiak several times a week through the use of an artificial or prerecorded voice message concerning Segal's debt.  (Id. at ¶ 27.) On the basis of these messages, Plaintiff filed suit.

**B.      Procedural History**

Plaintiff commenced this action on September 24, 2009, alleging Defendant's phone calls were in violation of the FDCPA and TCPA.  Defendant filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on March 24, 2010, asking this Court to dismiss Plaintiff's TCPA claim.  Following Plaintiff's Response on April 13, 2010 and Defendant's Reply on April 26, 2010, Plaintiff provided this Court with further case law in support of his opposition.  Defendant followed suit and filed a series of newly entered opinions from the Northern District of Alabama, the Eastern District of Michigan, the Western District of New York, and the 11th Circuit Court of Appeals.

On December 17, 2010 the parties filed a joint motion to stay this case pending a decision on Defendant's Motion for Partial Judgment on the Pleadings.  (Docket No. 27.) The case was subsequently stayed by order of Magistrate Judge Jeremiah J. McCarthy on December 20, 2010.

## III. DISCUSSION

**A.      Legal Standards**

**1.      Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard by which to decide a 12(c) motion is the same as for a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  Bank of N.Y., 607 F.3d at 922 (citing Sheppard v. Beerman, 18 F.3d 147, 150

(2d Cir. 1994)).  The court will accept as true all factual allegations in the non-moving party's pleadings  and draw all reasonable inferences in favor of the party opposing the motion.  See id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)).

**B.     Defendant's Motion for Partial Judgment on the Pleadings**

Plaintiff claims Defendant violated the TCPA by calling Franasiak on his landline even after Defendant learned that Plaintiff was not a debtor.  Defendant responds that debt collection calls are exempted under the TCPA.   Defendant also argues that any determination by this Court that the TCPA does apply to calls to nondebtors, would be contrary to the Hobbs Act, 28 U.S.C. § 2342, which vests the courts of appeals with exclusive jurisdiction to review the validity of rulings by the Federal Communications Commission ("FCC").

"Congress's stated purpose in enacting the TCPA was to 'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile (fax) machines and automatic dialers.'" Bonime v. Avayu, 547 F.3d 497, 499 (2d Cir. 2008) (quoting S. Rep. No. 102-178, at 1 (1991)), *abrogation on other grounds recognized by* Holster v. Gatco, Inc., 618 F.3d 214 (2d Cir. 2010).  In relevant part, the TCPA provides that:

> It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is exempted by rule or order by the FCC under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B).

The FCC has authority to exempt a category of calls from this prohibition, if it

determines that such calls "will not adversely affect the privacy rights that this section is intended to protect" and "do not include the transmission of any unsolicited advertisement." 47 U.S.C. § 227(b)(2)(B)(ii). Pursuant to this authority, the FCC created an exception in 47 C.F.R. § 64.1200(a)(2)(iii), which provides that 47 U.S.C. § 227(b)(1)(B) will not apply where a call "[i]s made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation."

The FCC addressed the applicability of this regulation to debt collection calls in a Report and Order in 1992, and again in 1995. In those decisions, the FCC concluded that "an express exemption from the TCPA's prohibitions for debt collection calls is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C.R. 8752, 8773 (FCC Sept.17, 1992); In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 F.C.C.R. 12391, 12400 (FCC Aug. 7, 1995).

In the present case, the parties do not dispute that Defendant's calls would be exempted under the TCPA were Franasiak a debtor from whom Defendant was trying to collect a debt. See Pugliese v. Prof'l Recovery Serv., Inc., No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010); Bates v. I.C. Sys., Inc., No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y., Oct. 19, 2009). However, Plaintiff argues that the FCC did not consider calls by debt collectors to nondebtors, such as himself, and therefore Defendant's calls must fall outside the exceptions carved out by the FCC. Defendant responds that the FCC has "concluded that debt collection calls are exempt from the

TCPA's prohibitions . . . because they are commercial calls," and that this language is sufficiently broad to cover calls made to both debtors and nondebtors. 7 F.C.C.R. at 8771-72.

The parties' dispute is one a number of courts, confronted with factually analogous cases, have addressed with varying results.  The court in Watson v. NCO Group, Inc., on which Plaintiff primarily relies, found that "the FCC has not directly addressed the issue of erroneous debt collection calls."  462 F. Supp. 2d 641, 644 (E.D. Pa. 2006).  Having so found, the court considered whether such calls could fall under the exemption for calls made for a commercial purpose.  Id.  Reasoning that the FCC's authority to exempt calls is premised on a determination that the call will not adversely affect privacy rights the TCPA is intended to protect, the court considered whether the calls had adversely affected plaintiff's privacy rights.  Id.  The court concluded that "a non-debtors rights are in fact violated when he is subjected to repeated annoying and abusive debt collection calls that he remains powerless to stop."  Id. at 645.  Consequently, the court determined that the commercial calls exception did not cover the calls, and held the TCPA applicable.

A different decision was reached by the court in Meadows v. Franklin Collection Service, Inc. No. 7:09-CV-00605-LSC, 2010 WL 2605048, at *6 (N.D. Ala. June 25, 2010) *affirmed in part, reversed in part by* 414 Fed. Appx. 230 (11th Cir. 2011).  In that case, plaintiff argued, as Franasiak does here, "that since [plaintiff] is a non-debtor, the debt collection exemption does not apply."  Id.  The court rejected that argument, noting that "the FCC has determined that *all debt collection* circumstances are excluded from the TCPA's coverage."  Id. (emphasis in original).  This language, the court held, was sufficiently broad to cover calls made to a nondebtor. (Id.)  The 11th Circuit affirmed this

part of the District Court's decision, holding that "[b]ecause [defendant] had an existing relationship with the intended recipient of its prerecorded calls, and the calls were made for a commercial, non-solicitation purpose, we conclude that those calls are exempt from the TCPA's prohibitions on prerecorded calls to residences." Meadows, 414 Fed. Appx. at 235. The court echoed the district court's holding, stating that "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage, and thus the exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt." Id. The court expressed its concern that a contrary ruling would place a debt collector in violation of the TCPA anytime it called a debtor's number and another member of the debtor's family answered. Id.

Recently, the court in McBride v. Affiliated Credit Services, Inc. came to the same conclusion. See No. 10-6015-AA, 2011 WL 841176, at *3 (D. Or. Mar. 7, 2011). "While I certainly agree that non-debtors lack a prior business relationship with a debt collector, according to the Commission debt collection calls are not solicitations or advertisements and thus fall within a recognized exemption." Id.; see also Anderson v. AFNI, Inc., No. 10-4064, 2011 WL 1808779, at *11-12 (E.D. Pa. May 11, 2011) (holding that "the exemption codified at 47 C.F.R. § 64.1200(a)(2)(iii) applies to calls to non-debtors made purely for the purpose of debt collection").

Even more recently, Judge Curtin of the Western District of New York expressly rejected the Watson court's reasoning. Santino v. NCO Fin. Sys., Inc., No. 09-CV-982-JTC, 2011 WL 754874, at *5 (W.D.N.Y. Feb. 24, 2011). Santino involved a debt collector's calls to individuals who did not even know the person the debt collector was trying to reach. Id. at *1. As here, plaintiffs in Santino relied on Watson. Id. at *4. Although Judge Curtin

found that "the reasoning in <u>Watson</u> might be seen as persuasive on a common sense level," he ultimately found that reasoning erroneous. <u>Id.</u> at *5. The court noted that Congress had granted the FCC authority to exempt certain calls from the TCPA and that judicial deference favored interpreting the FCC's rulemaking to include all debt collection calls.

This Court concurs with Judge Curtin's holding that judicial deference to the FCC is warranted, and that this deference favors grouping calls to debtors and nondebtors together under the FCC's commercial calls exception. That is not to say the FCC's rulemaking in this area has been unambiguous. For example, the FCC has determined that debt collection calls are excluded under either of two exceptions, the aforementioned commercial calls exception, as well as an exception for established business relationships. 7 F.C.C.R. at 8773.[2]   The FCC also concluded, however, that "all debt collection circumstances involve a prior or existing business relationship," and defined such a relationship as "a prior or existing relationship formed by a voluntary two-way communication between the caller and the called party, which relationship has not been previously terminated by either party." <u>Id.</u> at 8771-72. This creates significant concern that the FCC may not have adequately considered calls made to nondebtors who have no such relationship with debt collectors. <u>See</u> <u>McBride</u>, 2011 WL 841176, at *3 (finding business relationship exception inapplicable to nondebtors); <u>see also</u> 7 F.C.C.R. at 8769 ("[T]he privacy rights the TCPA intended to protect . . . are not adversely affected where the called

---

[2]Defendant does not assert that the business relationship exception in 47 C.F.R. § 64.1200(a)(2)(iv) applies to the present case, assuming as true all of Plaintiff's allegations. (Defendant's Memorandum in Support of Motion for Partial Judgment on the Pleadings, Docket No. 15, 5 n.1.) Consequently, this Court will only consider the FCC's business relationship exception to the extent it sheds light on interpreting the FCC's commercial calls exception under 47 C.F.R. § 64.1200(a)(2)(iii).

party has or had a voluntary business relationship with the caller"), 8772 ("Commentators concur that debt collection calls are exempt as calls to parties with whom the caller has a prior or existing business relationship, and further argue that debtors have given express consent to such calls by incurring a debt.")

Nevertheless, the FCC has been clear that debt collection calls do fall under the commercial calls exception.  7 F.C.C.R. at 8772.  Although there may be some ambiguity over whether the FCC considered calls to nondebtors, the FCC has not made explicit any exceptions.  Moreover, the FCC's determination that "all debt collection circumstances" involve a prior or existing business relationship, favors interpreting the FCC's Ruling and Order to include all conceivable circumstances involving debt collection calls, including those made to nondebtors.  See Meadows, 414 Fed. Appx. at 235.  By extension, this means the FCC also determined that such calls do not adversely affect the privacy rights the TCPA is intended to protect.  It is for the FCC, and not this Court, to determine whether a resident's privacy rights are adversely affected by seemingly intrusive phone calls by prerecorded messages.  47 U.S.C. § 227(b)(2)(B)(ii)(I).  Although it is this Court's opinion that such calls, when they are made to nondebtors, do adversely affect that individual's privacy interests, see Jenkins v. Allied Interstate, Inc., No. 5:08-CV-125-DCK, 2009 WL 3157399, at *3 (W.D.N.C. Sep. 28, 2009) (holding that TCPA applies to calls erroneously made by debt collector to incorrect cell phone number), the FCC has found otherwise.  See Meadows, 2010 WL 2605048, at *6 ("This finding is broad enough to cover a debt collection activity that contacts a non-debtor.")  Were this Court to follow the Watson Court's reasoning it would usurp a decision-making power Congress has properly left to another body, in this case the FCC.  See 47 U.S.C. § 227(b)(2)(B)(ii)(I).  "[If] Congress left

9

a 'gap' for an agency to fill– then we must uphold the 'agency's' interpretation as long as it is reasonable." Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ., 550 U.S. 81, 89, 127 S. Ct. 1534, 167 L. Ed. 2d 449 (2007).  This Court does not find unreasonable the FCC's determination that calls to nondebtors are commercial calls and that such calls do not adversely affect privacy rights protected under the TCPA.  See Leyse v. Clear Channel Broadcasting, Inc., No. 05 CV 6031 HB, 2006 WL 23480, at *3 (S.D.N.Y. Jan. 5, 2006) (showing deference to FCC's determinations despite serious questions regarding Congress's intent).

Consequently, Defendant's Motion for Partial Judgment on the Pleadings on Plaintiff's TCPA claim will be granted.


## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Judgment on the Pleadings on Plaintiff's TCPA claim is granted.


## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Partial Judgment on the Pleadings (Docket No. 15) is GRANTED.

SO ORDERED.


Dated:   September 29, 2011
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court